MARTIN DE LANEY AND ANOTHER, RESPONDENTS, *v.* DAVID BLIZZARD, APPELLANT.*

*Code,* § 267 — *construction of* — *Judgment* — *need not be signed by judge* — *Nuisance* — *judgment for removal of.*

The provisions of section 267 of the Code, that "judgment upon the decision shall be entered accordingly four days thereafter," is simply a direction to the clerk, who, in theory, enters the judgment upon the decision of the court, that he shall do so *within* four days.

There is no provision of law requiring a judge to sign the judgment.

Where the decision of the court simply directs the defendant to remove a nuisance, it is erroneous to provide in the judgment entered thereon that if defendant should fail to do so, then the sheriff of the county should do so.

APPEAL from an order made at Special Term, denying a motion to vacate and set aside a judgment.

*Field & Deyo,* for the appellant.

*J. O. Dykman,* for the respondents.

TALCOTT, J.:

This is an appeal from an order made at the Special Term denying a motion to vacate and set aside the judgment entered in this action, and for various other relief, as specified in the order to show cause. The action is to restrain a private nuisance, consisting of a floating landing, owned by the defendant, and which is by him kept permanently anchored in front of the premises of the plaintiffs, in Pelham bay, a part of the navigable waters of Long Island sound. The complaint demanded damages, a perpetual injunction, and that the defendant be ordered and compelled to remove the float, and for such other relief as the plaintiff should be deemed entitled to. The premises are in the county of Westchester, and the action was tried in that county, before Judge TAPPEN, who made his report finding the facts and conclusions of law, and ordered judgment for the plaintiffs, as follows: "And judgment is

* See appeal from judgment in this case, *ante,* p. 7.

hereby awarded in favor of the plaintiffs as asked in the complaint, to wit : that the defendant be enjoined and restrained from maintaining said float in front of plaintiffs' said premises ; and the defendant is ordered and directed by the judgment of the court to remove said float, or other obstructions so kept, or maintained, by him, from the front of said plaintiff's premises, and that the plaintiffs recover their costs against the defendant. An application may be made to the court for such further directions in enforcement of the judgment as may be proper." This report was signed by Judge TAPPEN, and was filed June 28th, 1875. The judgment was entered on the following day, and ordered that the defendant should remove the float and obstructions "immediately upon receiving a copy of the judgment;" and, if he should not do so, "then the sheriff of Westchester county is hereby directed and commanded to remove said float and all obstructions," etc.

The defendant objects that the judgment was prematurely entered, and insists that, under section 267 of the Code, judgment could not be entered inside of four days. By an amendment of section 267, made in the year 1870, the words "*four days thereafter*" were added, so as to make the section read, "judgment shall be entered accordingly *four days thereafter.*" Before the amendment of 1870 it had been held that the provision requiring the decision of the judge to be filed within twenty days after the court at which the trial took place, was directory, and that the judgment could be entered immediately on the filing of the decision. The defendant insists that the amendment of 1870 was intended to prevent the entry of judgment until after the expiration of four days from the filing of the decision. If such was the intention of the amendment the language used was ambiguous and obscure. The universal practice has been since the amendment, as before, to enter the judgment immediately on the filing of the decision ; and the amendment has been construed as a direction to the clerk, who, in theory, enters the judgment upon the decision of the court, that he shall do so within four days. It is quite possible, perhaps probable, that the intention of the amendment was as claimed by the defendant. But as the general construction has been different we think the established practice must be adhered to until the legislature shall more explicitly provide.

The defendant also objects that the judgment was not signed by the judge.

There is no provision of the present law requiring such signing. The judge is to make his "*decision*" in writing, and this, it is presumed, he must sign by way of authentication.

The judgment itself is to be entered in the judgment book, and is in theory entered by the clerk. (Code, § 281.) The defendant also objects that the direction to the sheriff of Westchester county to remove the float is not warranted by the decision of the judge and his order for judgment. This objection is well founded in fact, so far as any express direction or authority to the sheriff is concerned. In *The People* v. *Vanderbilt* (26 N. Y., 287), the judgment required the defendant to remove the nuisance, and the objection was taken that it should have been required to be removed by an officer of the court; but the court held the judgment proper, though not in the usual form. So in *Corning* v. *The Troy Iron and Nail Factory* (40 N. Y., 191), judgment was given in the Court of Appeals, of a mandatory character, to wit, that the defendants restore the water, etc. The provision of the Revised Statutes, in reference to the writ of nuisance was, that the nuisance be removed and that the plaintiff recover the damages. (2 R. S., 333, § 7.) Under this section the practice was to have the nuisance abated by the sheriff of the county. Under the present practice, a judgment directing the party to abate the nuisance, or the sheriff to do so, or the sheriff to remove the nuisance if the party shall fail to do so, as in the present case, would doubtless be proper in itself. But the decision of the justice who tried the cause did not purport to authorize the sheriff to do any thing on the subject, and the question is: Can the attorney for the party who is entitled to a judgment enter a judgment which, although proper in itself, goes beyond the direction of the judge? If such a practice should be authorized, it would greatly endanger the rights of suitors and lead to constant motions to modify and correct the judgments so entered. It is not necessary, however, that the judgment should be wholly reversed or set aside, in order to obviate the objection in this case; an amendment of the judgment by striking out so much thereof as authorizes or requires the sheriff to remove the nuisance cures the difficulty. The float being adjudged a nuisance, the plaintiffs

themselves might have removed it, and since the defendant was ordered to remove it, I do not see that he has any just cause of complaint that it has been done without trouble or expense to himself.

Order appealed from modified by striking out from the judgment so much thereof as authorizes or requires the sheriff of Westchester county, to remove the float and all obstructions kept or maintained by the defendant in front of the plaintiffs' premises, with costs and disbursements of the appeal to the defendant.

Present — BARNARD, P. J., TALCOTT and PRATT, JJ.

Ordered accordingly.